CHANG PING LIN, Petitioner,

v.

U.S. CITIZENSHIP & IMMIGRATION SERVICES, Respondent.

No. 06–5158–ag.

United States Court of Appeals, Second Circuit.

Dec. 13, 2007.

**420**

Jan Potemkin, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Linda S. Wernery, Assistant Director; Sarah Maloney, Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Chang Ping Lin, a native and citizen of the People's Republic of China, seeks review of an October 10, 2006 order of the BIA affirming the July 15, 2004 decision of Immigration Judge ("IJ") Alan Vomacka denying Lin's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chang Ping Lin*, No. A 97 385 301 (B.I.A. Oct. 10, 2006), *aff'g* No. A 97 385 301 (Immig. Ct. N.Y. City July 15, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, i.e., minus those arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA declined to adopt the IJ's adverse credibility finding. Rather, the BIA affirmed only the IJ's conclusions that Lin "failed to meet his burdens of proof for asylum and withholding of removal," and that Lin failed to demonstrate eligibility for CAT relief. Thus, the Court may review both the BIA's and IJ's decisions, with the exception of the IJ's adverse credibility finding. *See id.*

This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

In *Shi Liang Lin*, the Court concluded that the statutory scheme under IIRIRA § 601(a) "unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." 494 F.3d at 308. Thus, Lin was not entitled to asylum based solely on his girlfriend's forced abortion, regardless of their marital status. *Id.*

Moreover, the record supports the IJ's finding that Lin failed to demonstrate that he was persecuted under a coercive population control program. The BIA has stated that the term "resistance" includes, but is not limited to, "expressions of general opposition, attempts to interfere with enforcement of government policy .... and other overt forms of resistance to the requirements of the family planning law." *Matter of S–L–L*, 24 I. & N. Dec. 1, 10 (BIA 2006). Here, as the IJ noted, there is no indication in the record that Lin attempted to resist the family planning policy, either before his girlfriend became pregnant, or during the period when fami-

ly planning officials sought to bring his girlfriend for an abortion. Indeed, Lin testified that he ordinarily practiced birth control in order to prevent a pregnancy. Thus, the BIA properly concluded that Lin did not demonstrate "other resistance" to a coercive population control program based on the act of impregnating his girlfriend, which was not an act of resistance. *See id.* at 11.

 Given that Lin failed to establish that he had been subjected to past persecution, there was no presumption of any likelihood that he would be subjected to future persecution in China. *See* 8 C.F.R. § 1208.13(b)(1). Moreover, the IJ and BIA reasonably noted that there was no indication in the record that the Chinese authorities sought to arrest, detain, or otherwise punish Lin. As such, the agency properly found that Lin failed to demonstrate a well-founded fear of persecution in China.

Because Lin was unable to show the objective likelihood of persecution needed to make out an asylum claim based on his own resistance to a coercive family planning policy, he was necessarily unable to meet the higher standard required to succeed on his claim for withholding of removal, which rested on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Lastly, because Lin failed to challenge the denial of his CAT claim in his brief to this Court, we deem any such argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005) (emphasizing that, "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal" (quotation marks and citation omitted)).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).